UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
at LONDON

Civil Action No. 08-107-HRW

DORA RILEY,                                              PLAINTIFF,

v.          **MEMORANDUM OPINION AND ORDER**

MICHAEL J. ASTRUE
COMMISSIONER OF SOCIAL SECURITY,            DEFENDANT.

Plaintiff has brought this action pursuant to 42 U.S.C. §405(g) to challenge a final decision of the Defendant denying Plaintiff's application for supplemental security income benefits. The Court having reviewed the record in this case and the dispositive motions filed by the parties, and being otherwise sufficiently advised, for the reasons set forth herein, finds that the decision of the Administrative Law Judge is supported by substantial evidence and should be affirmed.

## II. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff filed her current application for supplemental security income benefits on May 4, 2004, alleging disability beginning on April 1, 2001, due to arthritis/back problem, nerve problem in arm and difficulty hearing (Tr. 65-69).

This application was denied initially and on reconsideration (Tr. 42-56).

On February 17, 2006, an administrative hearing was conducted by Administrative Law Judge Donald A. Rising (hereinafter "ALJ"), wherein Plaintiff testified. At the hearing, William Ellis, a vocational expert (hereinafter "VE"), also testified.

At the hearing, pursuant to 20 C.F.R. § 416.920, the ALJ performed the following five-step sequential analysis in order to determine whether the Plaintiff was disabled:

> Step 1: If the claimant is performing substantial gainful work, he is not disabled.
>
> Step 2: If the claimant is not performing substantial gainful work, his impairment(s) must be severe before he can be found to be disabled based upon the requirements in 20 C.F.R. § 416.920(b).
>
> Step 3: If the claimant is not performing substantial gainful work and has a severe impairment (or impairments) that has lasted or is expected to last for a continuous period of at least twelve months, and his impairments (or impairments) meets or medically equals a listed impairment contained in Appendix 1, Subpart P, Regulation No. 4, the claimant is disabled without further inquiry.
>
> Step 4: If the claimant's impairment (or impairments) does not prevent him from doing his past relevant work, he is not disabled.
>
> Step 5: Even if the claimant's impairment or impairments prevent him from performing his past relevant work, if other work exists in significant numbers in the national economy that accommodates his residual functional capacity and vocational factors, he is not disabled.

2

On May 22, 2006, the ALJ issued his decision finding that Plaintiff was not disabled (Tr. 12-21).

At Step 1 of the sequential analysis, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the date she filed her application (Tr. 15).

The ALJ then determined, at Step 2, that Plaintiff suffered from a combination of impairments, which he found to be "severe" within the meaning of the Regulations: possible degenerative disc disease at L4-L5 and L5-S1, osteoarthritis, moderate sensorineural hearing impairment, dysthymia, a history of compression fracture at T12, polysubstance dependence, obesity, complaints of back and bilateral upper/lower extremity pain, shortness of breath and sleep disturbances (Tr. 15-16).

At Step 3, the ALJ found that Plaintiff's impairments did not meet or medically equal any of the listed impairments (Tr. 16-17).

The ALJ further found Plaintiff has the residual functional capacity ("RFC") to perform light work with the following limitations:

> [E]xcept for that which requires climbing of
> ropes/ladders/scaffolds or exposure to vibration; more
> than occasional stair climbing, stooping, kneeling or
> crouching; or more than simple, task-oriented settings
> with casual and infrequent contact with others.

3

> [Plaintiff] should avoid dangerous settings or machinery due to her reduced hearing.

(Tr. 18).

The ALJ specifically concluded that the RFC did not preclude the performance of Plaintiff's past work as a housecleaner and assembler (Tr. 20).

The ALJ finally concluded that these jobs exist in significant numbers in the national and regional economies, as identified by the VE (Tr. 20). Accordingly, the ALJ found Plaintiff not to be disabled at Steps 4 and 5 of the sequential evaluation process.

The Appeals Council denied Plaintiff's request for review and adopted the ALJ's decision as the final decision of the Commissioner on January 29, 2008 (Tr. 4-6).

Plaintiff thereafter filed this civil action seeking a reversal of the Commissioner's decision. Both parties have filed Motions for Summary Judgment [Docket Nos. 7 and 8] and this matter is ripe for decision.

### III. ANALYSIS

#### A. Standard of Review

The essential issue on appeal to this Court is whether the ALJ's decision is supported by substantial evidence. "Substantial evidence" is defined as "such

4

relevant evidence as a reasonable mind might accept as adequate to support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). If the Commissioner's decision is supported by substantial evidence, the reviewing Court must affirm. *Kirk v. Secretary of Health and Human Services*, 667 F.2d 524, 535 (6th Cir. 1981), *cert. denied*, 461 U.S. 957 (1983). "The court may not try the case *de novo* nor resolve conflicts in evidence, nor decide questions of credibility." *Bradley v. Secretary of Health and Human Services*, 862 F.2d 1224, 1228 (6th Cir. 1988). Finally, this Court must defer to the Commissioner's decision "even if there is substantial evidence in the record that would have supported an opposite conclusion, so long as substantial evidence supports the conclusion reached by the ALJ." *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir.1997).

On appeal, Plaintiffs makes no allegations of error with regard to the ALJ's evaluation of her physical capacity. Rather, she contends that the ALJ did not accurately incorporate her mental limitations into his RFC and the hypothetical presented to the VE. Specifically, Plaintiff maintains that the ALJ erred by failing to incorporate all of the limitations suggested by consultative psychological examiner, Dr. Kevin Eggerman and non-examining state agency consultant, Dr.

5

Ilze Sillers.

Dr. Eggerman examined Plaintiff on December 7, 2004 and found that Plaintff meets the criteria for chronic depression or dysthymia, in conjunction with polysubstance dependence (Tr. 145). With regard to functional limitation, he opined:

> [Plaintiff's] ability to understand and remember short and simple instructions and to carry out short and simple instructions is *minimally limited*. [Plaintiff's] ability to understand and remember detailed instructions and carry out detailed instructions is *mildly to moderately limited*. [Plaintiff's] ability to make judgements on simple work-related decisions is *mildly limited*.

(Tr. 145)(emphasis added).

Dr. Eggerman further opined:

> [Plaintiff's] ability to interact appropriately with the public, supervisors and coworkers is *mildly to moderately limited*. [Her] ability to respond appropriately to work pressures in a usual work setting is *moderately limited*. [Plaintiff's] ability to respond appropriately to changes in a routine work setting is *mildly limited*.

(Tr. 145)(emphasis added).

Dr. Sillers completed a Mental Residual Functional Capacity Assessment on December 29, 2004 (Tr. 148-166). In assessing Plaintiff's understanding and memory, sustained concentration and persistence, social interaction and

6

adaptation, Dr. Sillers found Plaintiff to be *"moderately limited"* in her ability to: maintain attention and concentration for extended periods, interact with the general public and to respond appropriately to changes in the work setting (Tr. 148-149). Dr. Sillers specifically stated that Plaintff retained the ability to maintain attention and concentration for two hour segments during an eight-hour day. Dr. Sillers opined that Plaintff was *"not significantly limited"* in the other areas of inquiry (Tr. 148-149). As for functional limitation, Dr. Sillers assessed a *"mild"* degree of limitation in activities of daily living and *"moderate"* degree of limitation in maintaining social functioning, concentration, persistence and pace (Tr. 163).

Contrary to Plaintiff's assertions, the ALJ is not bound by the opinions of these non-treating sources, nor are they entitled to deference. The ALJ is obligated to evaluate the opinions, together with the other relevant evidence, considering factors such as the extent of the examining relationship, the supportability of the opinion, and consistency with the other credible evidence of record. 20 C.F.R. § 404.1527.

Further, it is the ALJ who is charged with the responsibility of formulating the RFC, not the physicians of record. Thus, the issue is not whether the ALJ "cut and pasted" these opinions, verbatim, into the RFC, but, rather, whether

7

substantial evidence in the record as a whole supports his findings.

Plaintff fails to demonstrate how the RFC differs from the opinions of these non-treating sources. Moreover, the Court finds that the RFC is, in fact, consistent with the opinions of these non-treating sources. Finally, having reviewed the record, the Court finds no evidence if limitations beyond those determined by the ALJ. The ultimate burden is upon the Plaintiff to prove her disability. In this case, Plaintiff has not carried her burden.

As for the hypothetical posed to the VE, it must comply with this circuit's long-standing rule that the hypothetical question is proper where it accurately describes a claimant's functional limitations. *Varley v. Secretary of Health and Human Services*, 820 F.2d 777, 779. (6th Cir. 1987). This rule is necessarily tempered by the requirement that the ALJ incorporate only those limitations which he or she finds to be credible. *Casey v. Secretary of Health and Human Services*, 987 F.2d 1230, 1235 (6th Cir. 1993).

In this case, the hypothetical posed accurately portray the RFC as formulated based upon the objective medical evidence. As such, the Court finds that the ALJ's RFC and findings based upon the VE's testimony are supported by substantial evidence in the record.

### III. CONCLUSION

8

The Court finds that the ALJ's decision is supported by substantial evidence on the record. Accordingly, it is **HEREBY ORDERED** that the Plaintiff's Motion for Summary Judgment be **OVERRULED** and the Defendant's Motion for Summary Judgment be **SUSTAINED**. A judgment in favor of the Defendant will be entered contemporaneously herewith.

This  5  day of January, 2009.

/s/ Henry R. Wilhoit, Jr., Senior Judge